IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| OMAR WINSTON KHOURI, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 1: 20 – CV - 580 |
| | § | |
| NATIONAL GENERAL INSURANCE MARKETING, INC., AND AMERICAN SELECT PARTNERS, LLC, | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, Defendant National General Insurance Marketing, Inc. ("National General") and Defendant American Select Partners, LLC ("American Select") (together "Defendants") hereby remove this action from the General Court of Justice, District Court Division, County of Forsyth, State of North Carolina, to the United States District Court for the Middle District of North Carolina. In support of this notice, Defendants state as follows:

### STATE COURT ACTION

1. On March 19, 2020, Plaintiff, Omar Winston Khouri ("Plaintiff"), filed his Complaint and Demand for Trial by Jury (the "Complaint") in the General Court of Justice, District Court Division, County of Forsyth, State of North Carolina in an action styled Omar Winston

**DEFENDANTS' NOTICE OF REMOVAL**  Page 1

Khouri v. National General Insurance Marketing, Inc., and American Select partners, LLC, File No. 20-CVD-2576 (the "State Court Action").

2. In the State Court Action, Plaintiff seeks an injunction, and appears to assert claims under North Carolina Statutes and the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.* ("TCPA"). Plaintiff also seeks damages and other relief. *See* generally Complaint.

3. American Select was served with a citation and a copy of the Petition in this matter on or about June 11, 2020. This Notice of Removal is therefore timely filed because it is filed within 30 days of service.[1] Defendant National General Insurance Marketing, Inc. has been served and consents to this removal.[2]

4. Defendants remove the State Court Action to this Court on the basis of federal question jurisdiction.

## PROCEDURAL REQUIREMENTS

5. This action is properly removed to this Court, as the lawsuit is pending within the district.[3]

---

[1] *See* 28 U.S.C. §§ 1446(b)(1), 1446(b)(2)(B).
[2] *See* 28 U.S.C. § 1446(b)(2)(A).
[3] *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(2).

**DEFENDANTS' NOTICE OF REMOVAL**   Page 2

6. The United States District Court for the Middle District of North Carolina has original jurisdiction over this action based on federal question jurisdiction because the Petition asserts claims arising under federal law.[4]

7. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following materials:

    Exhibit A.   All filings in the State Court Action

## FEDERAL QUESTION JURISDICTION

6. The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.[5] A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," and a case may be removed to federal court if the claim "arises under" federal law or could have been brought in federal court originally.[6] A claim "arises under" federal law when either (1) the well-pleaded complaint establishes that federal law creates the cause

---

[4] *See* 28 U.S.C. § 1331.
[5] *See* 28 U.S.C. § 1331.
[6] *See* 28 U.S.C. § 1441; *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, (2003).

of action; or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.[7]

7. To support removal, a defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim."[8] "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'"[9]

8. Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441, as it arises under the laws of the United States. Specifically, Plaintiff alleges a violation of the TCPA.[10] As interpreted by the Supreme Court of the United States, the TCPA grants this Court concurrent jurisdiction to hear claims brought thereunder.[11]

9. The existence of concurrent jurisdiction of state courts does not divest this Court of jurisdiction on removal because "a defendant may remove a civil action filed in state court if the federal court would have had original jurisdiction."[12] As here, "when federal law creates a private right of action and furnishes the substantive rules of decision, the claim arises under federal law,

---

[7] *See Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)); *see also Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

[8] *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).

[9] *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). (quoting *Carpenter*, 44 F.3d at 366).

[10] *See* Complaint, ¶¶ 16, 20.

[11] *See Mims v. Arrow Fin. Services, LLC*, 565 U.S. 368, 372 (2012); *see also Danehy v. Time Warner Cable Enterprises*, 5:14-CV-133-FL, 2015 WL 5534094, at *3 (E.D.N.C. Aug. 6, 2015), report and rec. adopted *sub nom.*, *Danehy v. Time Warner Cable Enter. LLC*, 5:14-CV-133-FL, 2015 WL 5534285 (E.D.N.C. Sept. 18, 2015).

[12] *Johnson v. Calpine Corp.*, Civ. A. No. 02-2242, 2002 WL 31640484, at *1 (E.D. La. Nov. 20, 2002).

**DEFENDANTS' NOTICE OF REMOVAL** Page 4

and district courts possess federal-question jurisdiction under § 1331," and "[t]hat principle endures unless Congress divests federal courts of their § 1331 adjudicatory authority."[13]

10. Thus, Plaintiff alleges violations of federal law, and his right to relief will necessarily depend upon the resolution of federal law. Accordingly, this Court has federal question jurisdiction.

## SUPPLEMENTAL JURISDICTION

11. This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction."[14]

12. It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims.[15] This principle applies not only to cases originally brought in federal court, but also to those cases

---

[13] *Mims*, 565 U.S. at 378-79 (footnote omitted); *Schopp v. Fora Fin. Holdings, LLC*, Case No. 4:16-CV-128, 2016 WL 878325, at *2 (E.D. Tex. Mar. 7, 2016) ("The fact that state and federal courts may have concurrent jurisdiction over his TCPA claims also does not divest the Court of federal question jurisdiction or preclude removal."), rec. adopted, 2016 WL 1572351 (E.D. Tex. Apr. 19, 2016).

[14] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").

[15] *See Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)).

**DEFENDANTS' NOTICE OF REMOVAL** Page 5

removed to federal court.[16] Here, Plaintiff's state law claims share a common nucleus of operative facts with his federal claims in that Plaintiff's claims in this matter are all based on the same alleged wrongful conduct.[17] Therefore, to the extent necessary, supplemental federal jurisdiction exists over Plaintiff's state law claims.

## RESERVATION AND SERVICE

13. In filing this Notice of Removal, Defendants reserve the right to challenge the propriety of venue, including the right to dismiss due to improper venue and/or transfer venue.

14. Simultaneous with the filing of this Notice of Removal, Defendants are filing a copy of the Notice of Removal in the General Court of Justice, District Court Division, County of Forsyth, State of North Carolina, pursuant to 28 U.S.C. § 1446(d).

15. Defendants have also served written notice of removal to Plaintiff.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Defendants remove this action from General Court of Justice, District Court Division, County of Forsyth, State of North Carolina to the United States District Court for the Middle District of North Carolina, so that this Court may assume jurisdiction over the cause as provided by law.

---

[16] *See Jamal*, 97 F. Supp. 2d at 806.

[17] *See* Complaint, ¶¶ 5–22.

**DEFENDANTS' NOTICE OF REMOVAL** Page 6

Respectfully submitted,

/s/ Edwin W. Bowden
Bowden Gardner & Hill, P.C.
(NC Bar No. 16563)
119 Brookstown Ave., Suite 401
Winston-Salem, NC 27104
Telephone: 336-714-2097
Facsimile: 336-714-2098
Email: ed@bowdengardner.com

Of Counsel/

*/s/Charles W. Gameros, Jr., P.C.*
Charles W. Gameros, Jr., P.C.
(TX Bar No. 00796596)
HOGE & GAMEROS, L.L.P.
6116 N. Central Expressway, Suite 1400
Dallas, Texas 75206
Telephone: (214) 765-6002
Facsimile: (214) 559-4905
E-Mail: BGameros@LegalTexas.com

**ATTORNEYS FOR DEFENDANTS**

DEFENDANTS' NOTICE OF REMOVAL          Page 7

Case 1:20-cv-00580-TDS-JLW   Document 1   Filed 06/25/20   Page 7 of 8

## CERTIFICATE OF SERVICE

      I, Edwin W. Bowden, attorney for Defendants, do hereby certify that the foregoing NOTICE OF REMOVAL was served on the following person on this the 25th day of June, 2020 by placing the same in the US mail and addressed as follows:

Omar Winston Khouri
1009 Cross Gate Road
Winston-Salem, NC 27106

This the 23rd day of January, 2020.


                /s/ Edwin W. Bowden
                Edwin W. Bowden, attorney for defendants


OF COUNSEL:

BOWDEN GARDNER & HILL, P.C.
119 Brookstown Ave. Suite 401
Winston-Salem, NC 27101
336-714-2097