| NORTH CAROLINA | ) | IN THE GENERAL COURT OF JUSTICE |
| | ) | DISTRICT COURT DIVISION |
| FORSYTH COUNTY | ) | FILE NO: |

OMAR WINSTON KHOURI,

    Plaintiff

v.

NATIONAL GENERAL INSURANCE MARKETING, INC
and AMERICAN SELECT PARTNERS, LLC

    Defendants

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiff, complaining of defendants, alleges and says:

1. Plaintiff is an individual with a principal residence at 1009 Cross Gate Road, Winston Salem, North Carolina, in Forsyth County.

2. The First Defendant, National General Insurance Marketing, Inc (hereinafter "National General") is a Missouri Corporation with a usual place of business of 5630 University Parkway, Winston Salem, North Carolina.

3. The Second Defendant, American Select Partners, LLC (hereinafter "American Select") is a Texas Corporation with a usual place of business of 6116 N. Central Expressway, Suite 1400, Dallas, Texas.

4. All United States based phone numbers in control of Plaintiff are registered on the Federal Do Not Call Registry.

5. The Plaintiff received an unsolicited phone call from American Select on April 14, 2020, in which American Select identified themselves as "US Healthcare."

1

6. American Select used caller ID neighbor spoofing tactics to hide their real phone number and identity.

7. American Select informed Plaintiff that the purpose of the call was to provide health insurance costs so that Plaintiff can purchase a new health insurance plan.

8. American Select informed Plaintiff that he was being transferred to a North Carolina licensed agent for more information, and then transferred Plaintiff to a representative named Augustine Donahue.

9. American Select's Augustine Donahue is not a North Carolina licensed insurance agent.

10. Upon questioning with American Select's representative Dalton Mills, who self-identified as a supervisor responsible for compliance, Mr. Mills stated to Plaintiff that National General allows unlicensed agents to sell their insurance products during the current coronavirus pandemic.

11. American Select's Augustine Donahue informed Plaintiff that he qualified for multiple PPO plans with National General Insurance and stated that National General is part of the Aetna network.

12. American Select's Augustine Donahue provided insurance quotes to Plaintiff that were not full health insurance coverage, but only short term and accident coverage.

13. American Select's Augustine Donahue used the credentials of Austin Edgar, a North Carolina licensed agent registered with National General, in order to generate insurance quotes and attempt to make a sale.

14. American Select refused to provide insurance coverage details until after they received payment.

15. American Select refused to disclose the real name of their company, instead using the name "US Healthcare," until an agreement to purchase health insurance was made.

16. Plaintiff sent a demand letter to American Select and National General, demanding payment for damages for violation of the Federal Do Not Call List, the Telephone and Consumer Protection Act, emotional distress, and N.C.G.S § 75-1, *et seq*, which Defendants failed and refused to pay.

17. Plaintiff registered a complaint with the North Carolina Department of Insurance against Defendants for investigation on using unlicensed agents to solicit sales of insurance products.

18. By the reason of Defendants' deceptive business practices, Plaintiff has been damaged.

19. By the reason of Defendant's violation of the Federal Do Not Call Registry, Plaintiff has been damaged.

20. By the reason of Defendant's violation of the Telephone Consumer Protection Act, Plaintiff has been damaged.

21. North Carolina General Statute § 75-1.1(a) states:

> Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful.

22. North Carolina General Statute § 75-16 states:

> If any person shall be injured or the business of any person, firm or corporation shall be broken up, destroyed or injured by reason of any act or thing done by any other person, firm or corporation in violation of the provisions of this Chapter, such person, firm or corporation so injured shall have a right of action on account of such injury done, and if damages are assessed in such case judgment shall be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict. (1913, c. 41, s. 14; C.S., s. 2574; 1969, c. 833; 1977, c. 707.)

## CLAIM FOR RELIEF

23. Plaintiff hereby incorporates paragraphs 1 through 22 as if fully set out herein.

24. Plaintiff seeks a compensatory and punitive judgment for each of Paragraphs 17 through 20 in a total amount of between $10,001 and $24,999, plus costs and interest.

25. Plaintiff seeks injunction preventing Defendants from contacting Plaintiff by any means unless Plaintiff has expressly permitted or requested contact.

26. Plaintiff seeks any additional relief as the Court may deem just and proper.

This is the 19th day of May, 2020.

*[signature]*

Omar Khouri
1009 Cross Gate Road
Winston Salem, NC 27106
Phone: 336-499-0736
okhouri@tekhnellc.com

*Pro Se Plaintiff*

4